[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE APPORTIONMENT COMPLAINT (#125)
The plaintiff, Charlotte Gambardella (Gambardella), moves to strike the apportionment complaint filed by the defendant and apportionment plaintiff, BJ's Wholesale Club, Inc., d/b/a BJ's Wholesale Club (BJ's), against the apportionment defendant, Hylwa incorporated (Hylwa).
Gambardella alleges that while shopping at BJ's, located at 555 Universal Drive, North Haven, Connecticut, she was caused to trip and fall due to a defective condition on the floor of the subject premises. She describes the defective condition as "consisting of large screws that were secured to the floor in an aisle of the store and which were protruding upwards from the floor." (Gambardella's Memorandum, p. 1.) CT Page 13623 Gambardella brings this action against BJ's seeking damages for her injuries and losses. She alleges that BJ's, at all times relevant to this action, was in possession and control of the subject premises and had a nondelegable duty to maintain the premises upon which Gambardella was injured.
BJ's filed an apportionment complaint against Hylwa, pursuant to General Statutes § 52-102b. BJ's alleges that it hired Hylwa as an independent contractor to perform construction and renovation of the subject premises, which included work on the slab floors, interior partitions, and all supporting mechanisms for the new and old interior partitions. BJ's further alleges that Hylwa was negligent in the performance of its contractual duties and, therefore, created the defective condition that caused Gambardella's injuries. Hylwa filed an answer denying liability.
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The court "must take as true the facts alleged in the . . . complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Gazo v. Stamford, supra,255 Conn. 260.
Gambardella moves to strike BJ's second revised apportionment complaint on the ground that it fails to state a legally sufficient cause of action. Gambardella argues that BJ's has a nondelegable duty to maintain the subject premises in a reasonably safe condition and because of this duty, BJ's is vicariously liable for the alleged negligent acts of the independent contractor, Hylwa, so as to prevent the apportionment of liability. BJ's argues in opposition that, apportionment is proper because Hylwa owes a direct duty to Gambardella.
"[T]he owner or occupier of premises owes invitees a nondelegable duty to exercise ordinary care for the safety of such persons." (Internal quotation marks omitted.) Gazo v. Stamford, supra, 255 Conn. 257. The party with the nondelegable duty "may not absolve itself of liability by contracting out the performance of that duty." Id., 255. Our Supreme Court "[views] the nondelegable duty doctrine as involving a form of vicarious liability, pursuant to which the party with the duty may be vicariously liable for the conduct of its independent contractor. That vicarious liability, however, does not necessarily preclude liability on the part of the independent contractor," Id., 256. CT Page 13624
The court acknowledges that Hylwa may owe a direct duty to Gambardella. However, BJ's apportionment complaint against Hylwa must be stricken because BJ's is vicariously liable for the conduct of Hylwa and cannot avoid liability by contracting out the performance of its nondelegable duty.
Accordingly, Gambardella's motion to strike is granted.
Skolnick, Judge